IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


FULTON L. WILSON, SR.,
     Plaintiff,

vs.                                                          Case No.:  4:05cv263/MMP/EMT

FLORIDA PAROLE COMMISSION, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

     This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1).  The filing fee has been paid.

     Because Plaintiff is a prisoner seeking redress from a governmental entity or officer or employee of a governmental entity, the court may dismiss the case if satisfied that the action is frivolous, malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. §1915A(b)(1).  A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *See* Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."  *See* Denton v. Hernandez, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *See* Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief.  Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th

Cir. 1997).  Upon review of Plaintiff's complaint, the court concludes that it does not present an actionable claim.

Plaintiff names as Defendants in this action the Florida Parole Commission ("Commission"); Monica David, Chairman of the Commission; Frederick Dunphy, Vice Chairman of the Commission; and Tena Pate, Secretary of the Commission (Doc. 1 at 1-2).  Plaintiff alleges Defendants violated the Ex Post Facto Clause and Due Process Clause in suspending his presumptive parole release date ("PPRD") (*id*. at 7-8).  Plaintiff states he was sentenced in 1967 to life imprisonment for murder (*id*. at 7).  On December 16, 2004, a parole examiner conducted an extraordinary interview with Plaintiff to determine whether to establish an effective parole release date ("EPRD") for Plaintiff or continue the suspension of his PPRD, which was November 7, 1993 (*id*.).  The examiner issued a recommendation to the Commission recommending that Plaintiff's EPRD be established as March 15, 2005 (*id*.).  On January 19, 2005, the Commission entered an order rejecting the recommendation and left intact the suspension of Plaintiff's PPRD (*id*. at 7-8).  The Commission conducted the extraordinary review pursuant to Rule 23-21.0155 of the Parole Guidelines (*id*. at 7).  Plaintiff alleges the extraordinary review provision was added to the guidelines in 1983, and application of the provision to his case violates the Ex Post Facto Clause (*id*. at 9).  As relief, Plaintiff seeks declaratory and injunctive relief, including an order requiring the Commission to re-interview him and make a determination in accordance with the rules in place "when he [Plaintiff] was placed under the Objective Parole Guidelines Act of 1978" (*id*.).

Prisoners' challenges to the guidelines by which the Commission decides who is entitled to parole and who should be denied parole was long ago settled in the Eleventh Circuit.  In Paschal v. Wainwright, 738 F.2d 1173 (11th Cir. 1984), the court considered a challenge to the Objective Parole Guidelines Act of 1978 and held that the ultimate discretion about granting parole is with the Commission and "because the [Objective Parole Guidelines Act] merely made a procedural change in how this discretion was exercised there was no ex post facto violation."  Johnson v. Wainwright, 772 F.2d 826, 827 (11th Cir. 1985) (explaining Paschal).  The Johnson court discussed the holding in Paschal as follows:

> The guidelines have clarified the commission's exercise of its discretion.  The commission has created a system by which it attempts to use its discretion in a more

uniform manner than previously.  The substantive power of the commission remains unchanged; only the manner in which it exercises this power has been altered.

Johnson, 772 F.2d at 827 (citing Paschal, 738 F.2d at 1179).  Paschal has been consistently followed. See Damiano v. Florida Parole and Probation Commission, 785 F.2d 929, 933 (11th Cir.1986) (citing Paschal in rejecting an ex post facto challenge and holding that "[w]hen appellant was convicted in 1974, parole was a matter of complete discretion.  It remains so even under the objective parole guidelines of 1978, since parole is still ultimately a matter of discretion."); Jonas v. Wainwright, 779 F.2d 1576, 1577 (11th Cir.), cert. denied, 479 U.S. 830 (1986) (concluding the Ex Post Facto Clause was not violated when the Florida Parole and Probation Commission applied the "objective parole guidelines that had been amended after [petitioner] was incarcerated.").

Additionally, a guidelines change that merely alters the Commission's considerations for suitability for parole is not violative of the Ex Post Facto Clause because it neither works to the prisoner's detriment nor constitutes "a criminal or penal law."  Kelly v. Southerland, 967 F.2d 1531, 1532 (11th Cir. 1992) (citing Dufresne v. Baer, 744 F.2d 1543, 1547 (11th Cir. 1984), cert. denied, 474 U.S. 817 (1985)).  Guidelines are just that, guidelines for making decisions and reining in discretion.  Paschal, 738 F.2d at 1181; Kelly, 967 F.2d at 1532.  Thus, a claim that an inmate does not like the manner in which the Commission makes it parole decisions is not a viable claim.

Likewise, Plaintiff cannot establish a due process violation.  At the time of his offense, as now, the ultimate discretion about granting parole is with the Commission.   Johnson, 772 F.2d at 827.

> The setting of the presumptive parole release date and the decision whether that date is to become the effective parole release date are matters left ultimately to the discretion of the Commission. . . .  Since the decision whether to release an inmate on parole is a matter committed to the discretion of the Commission without the mandate of statute, no entitlement to or liberty interest in parole is created by the Florida statutes.

Staton v. Wainwright, 665 F.2d 686, 688 (5th Cir. Unit B), cert. denied, 102 S.Ct. 1757 (1982) (emphasis added);[1] see also Hunter v. Florida Parole & Probation Commission, 674 F.2d 847, 848

---

[1] The Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions prior to October 1, 1981, and all former Fifth Circuit Unit B decisions after October 1, 1981.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc); Stein v. Reynolds Securities, Inc., 667 F.2d 33, 34 (11th Cir.1982).

(11th Cir. 1982) (agreeing with <u>Staton</u> "that no liberty interest in parole was created by the Florida statutes."); <u>Jonas</u>, 779 F.2d at 1578 (following <u>Hunter</u>, finding "[t]he claim that the Commission did not abide by its own rules and regulations does not allege a constitutional violation."); <u>Paschal</u>, 738 F.2d at 1178 and n. 9 (citing <u>Staton</u>, other citations omitted).  The claim that the Commission denied due process in suspending his PPRD and declining to establish an EPRD does not state a viable claim as Plaintiff has no liberty interest in his PPRD or EPRD and thus no entitlement to due process.

Accordingly, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915A(b)(i) for Plaintiff's failure to state a claim upon which relief may be granted.

At Pensacola, Florida this <u>12</u><sup>th</sup> day of January 2006.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**