IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


FULTON L. WILSON,

      Plaintiff,

v.                                CASE NO. 4:05-cv-00263-MP-EMT

FLORIDA PAROLE COMMISSION, et al.,

      Defendants.

_____/

## **O R D E R**

This matter is before the Court on Doc. 18, Report and Recommendations of the

Magistrate Judge, recommending that Doc. 1, Plaintiff's civil rights claim pursuant to 42 U.S.C.

§ 1983, be dismissed with  prejudice pursuant to 28 U.S.C. § 1915A(b)(I) for Plaintiff's failure to

state a claim upon which relief may be granted.  The Magistrate Judge filed the Report and

Recommendation on Thursday, January 12, 2006.  The parties have been furnished a copy of the

Report and Recommendation and have been afforded an opportunity to file objections.  Pursuant

to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of

those portions to which an objection has been made.

Plaintiff asserts that he is entitled to relief pursuant to the Supreme Court holding in

Wilkinson v. Dotson, 544 U.S. 74 (2005).  However, this case merely holds that prisoners

wishing to challenge state procedures used to deny parole eligibility and parole suitability can do

so pursuant to a § 1983 claim - in other words, they are not limited to filing a habeas petition.  It

is not disputed that plaintiff is entitled to file the current action.  However, Dotson did not hold

that changes to state parole guidelines are per se ex post facto clause violations.  In fact, the

Supreme Court has said that retroactive application of a legislative amendment to parole

regulations that decreased the frequency of parole suitability hearings in certain circumstances did not represent an ex post facto violation as applied to an individual convicted before the amendment.  See California Dep't of Corrs. v. Morales, 514 U.S. 499 (1995).  In Morales, the Court stated that "the focus of the ex post facto inquiry is not on whether a legislative change produces some ambiguous sort of 'disadvantage,' nor ... on whether an amendment affects a prisoner's 'opportunity to take advantage of provisions for early release,' but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable."  Id. at 506 n.3 (internal citation omitted).  Since that is not the case here, Plaintiff's claim should be denied.  Therefore, having considered the Report and Recommendation, I have determined that the Report and Recommendation should be adopted. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.    The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2.    Plaintiff's civil rights claim, Doc. 1, is dismissed.

**DONE AND ORDERED** this   _8th_ day of February, 2006

_____*s/Maurice M. Paul*_____
Maurice M. Paul, Senior District Judge